U.S DISTRICT COURT
NORTHERN DISTRICT
**FILED**
JAN 2 1 2000
NANCY DOHERTY, CLERK
By _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PORFIRIO A. NUÑEZ | § | COMPLAINT FOR DAMAGES |
| | § | FOR VIOLATIONS OF CIVIL |
| | § | RIGHTS UNDER COLOR OF |
| V. | § | STATE LAW (42 U.S.C. §§ 1981, |
| | § | 1983 AND 1988) |
| | § | |
| THE UNITED STATES | § | |
| IMMIGRATION AND | § | DEMAND FOR JURY TRIAL |
| NATURALIZATION SERVICE, AN | § | |
| AGENCY OF THE DEPARTMENT OF | § | |
| JUSTICE; STEPHEN THORNE, DAVID | § | |
| JOHNSON, WILLIAM G. HARRINGTON, | § | |
| AND DWAYNE E. PETERSON, | § | **4-0 0 C V 0 0 4 8 - A** |
| INDIVIDUALLY AND IN THEIR | § | |
| OFFICIAL CAPACITIES | § | CASE NO. _____ |

## COMPLAINT

TO THE HONORABLE JUDGE OF THE COURT:

1. A.   NOW COMES Plaintiff, PORFIRIO A. NUÑEZ, and files this his Original

Complaint and brings this action for compensatory and punitive damages against the

United States Immigration and Naturalization Service (hereinafter "INS"), an agency of

the United States Department of Justice; INS Agent Stephen Thorne, individually and in

his official capacity; Agent Thorne's supervisor, David Johnson, individually and in his

official capacity; William G. Harrington, Dallas District Director of the INS, individually

and in his official capacity; and Dwayne E. Peterson, Regional Director of the Dallas

INS, individually and in his official capacity.   Plaintiff NUÑEZ complains that said

Defendants, jointly and severally, have denied him of rights guaranteed by the United

States Constitution, laws of the United States and of the State of Texas.

1.B.    Plaintiff PORFIRIO A. NUÑEZ, a Hispanic male, was subjected to intentional mistreatment and excessive force at the hands of the defendant INS officials mentioned herein.  The incident more fully described below not only delineates the illegal actions of the individual agents, but it also illustrates the illegal policies, customs and practices of the INS.  Further, this incident is indicative of the INS' failure to train, and/or failure to adequately train agents in the use of firearms and the use of force in work site raids and in the apprehension of suspects.  The Plaintiff PORFIRIO A. NUÑEZ seeks compensatory and punitive damages.  The recognition, affirmation, and vindication of his civil rights are sought to dissipate any future inferences by the Defendants that the Plaintiff or any other person should be brutalized, punished, and subjected to excessive, deadly force in contravention of their federal and state constitutional rights.

## JURISDICTION AND VENUE

2.A.    This action is brought pursuant to 42 U.S.C. §§ 1983 and  1988, and the Fourth and Fifth Amendments, made applicable to the Defendants through the Fourteenth Amendment to the United States Constitution.  This Court has jurisdiction over this action pursuant to U.S.C.  §1331  (Federal  Question)  and  U.S.C.  §1343(3)  and  the  aforementioned constitutional and statutory provisions.  Plaintiffs further invoke the pendent jurisdiction of this Court to hear and decide claims arising out of state law.

2.B.    Venue lies in the Northern District of Texas, the district wherein the actions made the basis of this suit arose, pursuant to 29 U.S.C.§1391(b).

## PARTIES

3.A.    Plaintiff PORFIRIO A. NUÑEZ is a resident of Cuidad Camargo, in Chihuahua, Mexico.  At the time of the incident made the basis of this lawsuit the Plaintiff was within

2

the territorial jurisdiction of the United States, working in Bedford, Texas, thereby affording him protection from civil rights violations.

3.B.     Defendant United States of America, Immigration and Naturalization Service (hereinafter "INS") is an agency of the United States Department of Justice operating pursuant the Constitution of the United States and the laws of the State of Texas. Defendant STEPHEN THORNE (hereinafter "THORNE") was at all times material to this suit a Border Patrol Agent of the INS. Defendant DAVID JOHNSON (hereinafter "JOHNSON") was at all time material to this suit a supervisor of Defendant THORNE and an official with the INS. Defendant WILLIAM G. HARRINGTON (hereinafter "HARRINGTON") was at all times material to this suit and currently remains the Dallas District Director of the INS. Defendant DWAYNE E. PETERSON (hereinafter "PETERSON") was at all times material to this suit acting Regional Director of the Dallas INS.

3.C.     Whenever, in this complaint it is alleged that any Defendant did any act, actions and/or omissions, it is meant that Defendant and/or Defendant's officers, agents, servants, employees or representatives did such act, thing and/or omission and that at the time it was done with full authorization and/or ratification of Defendant or done in the normal and routine course and scope of employment of Defendant and/or Defendant's officers, agents, servants, employees or representatives.

FACTS

4.A.     At approximately noon, on January 30, 1998, agents of the Border Patrol division of the INS conducted a raid at a construction site where workers were building homes in a subdivision in Bedford, Texas. Seven of the ten workers at the site ran off. Six of the seven who ran were arrested within ten or fifteen minutes. Border Patrol Agent Stephen

Thorne, along with other agents began looking in back yards and wooded areas for the one person who appeared to have gotten away.  Defendant Agent THORNE was at that time supervised in his actions and employment by Defendant JOHNSON.  The actions of the INS team who conducted the raid were committed under the management, direction, and administration of Defendant HARRINGTON, Defendant PETERSON, and the United States INS. After searching extensively for the absconded laborer, the team of INS agents, with the exception of THORNE, gave up their search.  Alone, THORNE proceeded to search for the seventh individual in an isolated, tree-lined area.  There, THORNE found Plaintiff PORFIRIO A. NUÑEZ hiding underneath a wooded area of thick brush and branches near a creek bed.

4.B.    Defendant THORNE climbed into the thick branches and in an attempt to apprehend the Plaintiff, reached into the brush. In Spanish, Defendant THORNE told the Plaintiff not to move.  Defendant THORNE held the Plaintiff's left hand with his left hand and attempted to put a handcuff of the Plaintiff's right wrist, which Defendant THORNE struggled to get a grasp of with his free hand. Defendant THORNE struck the Plaintiff in the face with his handcuffs.  The Plaintiff flailed his hands, attempting to protect himself. PORFIRIO A. NUÑEZ managed to climb out of the brush and ran off.  Before he could run very far, however, Defendant THORNE shot PORFIRIO A. NUÑEZ as he attempted to climb a barbed wire fence to get away.

4.C.    The Plaintiff was shot from behind.  The entry wound was on the back of his upper thigh below his buttocks, and the exit wound was on the front of his upper thigh below his groin on his right leg.  The bullet went through at a horizontal trajectory, passing through a major vein and the femoral artery of his thigh.  Experiencing an

4

excessive loss of blood, PORFIRIO A. NUÑEZ was air-lifted to a Fort Worth hospital where he was admitted in critical condition. There, he underwent surgery and remained hospitalized for fourteen days.

5.      The acts of the Defendant, jointly and severally, were committed with the purpose and intent of depriving PORFIRIO A. NUÑEZ of life and liberty without due process of law and the equal protection of the laws of the State of Texas and United States, as guaranteed to him under the Fourth and Fifth Amendments, made applicable to Defendants through the Fourteenth Amendment to the Constitution of the United States. The excessive force used against PORFIRIO A. NUÑEZ was objectively unreasonable. No reasonable law enforcement officer, border patrol agent, or law enforcement agency, given the same circumstances, would have used such brutal means against a fleeing, unarmed individual under the circumstances. The amount of force used was clearly excessive to the need.

6.      The use of force against the Plaintiff was not performed in a good faith effort to maintain or restore discipline, but rather, it was wrongfully performed maliciously and sadistically for the purpose of punishing and causing the severe injury of PORFIRIO A. NUÑEZ. The individual Defendants, therefore, are not entitled to the defense of qualified immunity or any other immunity. At the time an on the occasion in question, and prior thereto, Defendants jointly and severally acted with malice or, alternatively, with gross neglect.

7.      Plaintiff is informed, believes, and thereupon alleges, that in doing the foregoing acts, each named defendant was the agent and employee of each other Defendant and was

acting within such agency and employment and that each individual Defendant was acting under the color of State law.

8.      At all times herein mentioned, U.S. IMMIGRATION AND NATURALIZATION SERVICE., the Defendants STEPHEN THORNE, DAVID JOHNSON and the Defendant WILLIAM G. HARRINGTON authorized and ratified the wrongful acts of other individual Defendants. Defendants' wrongful conduct was the result of policies, practices, customs, ideologies, and principles of the U.S. IMMIGRATION AND NATURALIZATION SERVICE to use excessive force and to subject persons to outrageous and unreasonable force.

9.      Plaintiff is informed, believes, and thereupon alleges, that the U.S. IMMIGRATION AND NATURALIZATION SERVICE, its agents and officers, failed to train, and/or failed to adequately train Defendants in the use of firearms, in the use of force in work site raids, in the planning and policing of work site raids, and in the appropriate and reasonable apprehension of suspects.

10.     The aforementioned Defendants created and/or maintained an atmosphere of overt and tacit anti-immigrant, anti-Mexican racism within the INS. The Defendants maintained a persistent, widespread practice that is so common and well settled as to constitute a custom that fairly represents an agency policy. That custom or practice is the deliberate actions of the Defendants to deprive PORFIRIO A. NUÑEZ of his Constitutionally protected rights.

11.     PORFIRIO A. NUÑEZ' rights were violated by Defendants' use of deadly force, which was excessive and not required under the circumstances and which was proximately caused by Defendants' deliberate indifference in the training and supervision of its agents. Alternatively, as to Plaintiffs' fourth claim for relief, the same was

negligence.     Specifically,   Defendant   INS,   and   Defendants   JOHNSON   and

HARRINGTON committed the following acts or omission:

i.     Failing to adequately train and supervise its agents and officers in the use of

deadly force;

ii.     Failing to train agents and officers in the proper use of firearms;

iii.     Failing to provide adequate training in the planning and supervision of immigrant

work raids;

iv.     Failing to provide adequate training, planning, and supervision in the execution of

immigrant work raids;

v.     Failing to have a written procedure for how agents and officers should proceed in

work raids; specifically, for failing to provide a written directive of appropriate

and inappropriate search and seizure procedures;

vi.     Failing to supervise Defendant THORNE at the scene.

12.     Plaintiff alleges that at all times material hereto, Defendants were acting within

the course and scope of their employment an official duties in furtherance of their duties

of their offices of employment.  As a proximate result of the foregoing wrongful acts of

Defendants, jointly and severally, PORFIRIO A. NUÑEZ suffered and incurred the

following for which he now sues pursuant to the Federal Tort Claims Act:

i.     Physical pain and mental anguish in the past;

ii.     Physical pain and mental anguish, which in reasonable probability, he will suffer in

the future;

iii.     Medical care and expenses in the past;

iv.    Medical care and expenses, which in reasonable probability, he will incur in the future;

v.    Physical impairment in the past;

vi.    Physical impairment, which in reasonable probability, he will suffer in the future;

vii.    Physical disfigurement in the past;

viii.    Physical disfigurement, which in reasonable probability, he will suffer in the future;

ix.    Lost earnings and/or loss of earning capacity in the past; and

x.    Loss of earning capacity, which in reasonable probability, he will sustain in the future.

Each of the aforesaid injuries and damages was proximately caused by the negligence of the Defendants as stated above and said injuries and damages are in an amount within the jurisdictional limits of the court.

13.    In doing the foregoing wrongful acts, Defendants, motivated by invidious anti-Immigrant, anti-Mexican resentment and hostility, acted in intentional malicious, reckless and/or callous disregard for the constitutional rights of PORFIRIO A. NUÑEZ.    The wrongful acts were willful, oppressive, fraudulent and malicious. PORFIRIO A. NUÑEZ seeks punitive damages against Defendants.

14.    Pursuant to 42 U.S.C. § 1988, Plaintiff requests that this Court award Plaintiff reasonable and necessary attorneys' fees and expenses which have been incurred, and which will continue to be incurred by Plaintiff to investigate and prepare this case and during the pendency of the proceeding in trial and all appellate proceedings.

## FIRST CLAIM FOR RELIEF

15.     The allegations contained in Paragraphs 1 through 14 are incorporated herein by reference the same as if fully set forth verbatim.

42 U.S.C. § 1981

16.     Plaintiff's first claim for recovery in this case is predicted on a law passed by Congress in 1866, Title 42, United States Code, Section 1981 reads in pertinent part:  All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts and to the full and equal benefit of all laws as it is enjoyed by white citizens.  42 U.S.C. §1981 et seq.; see Civil Rights Act of 1866 and 1871. Section 1981 entitles all persons to equal treatment and is directed only at discrimination on the basis of race.  Defendants, jointly and severally, with deliberate indifference, intentionally and/or recklessly denied the Plaintiff of the full and equal benefits of all the laws and proceedings for the security of person and property, including the right to be free from wrongful seizure and to due process, pursuant to the Fourth and Fifth Amendments to the United States Constitution, respectively, and made applicable to the Defendants through the Fourteenth Amendment to the United States Constitution.

## SECOND CLAIM FOR RELIEF

17.     The allegations contained in Paragraphs 1 through 14 are incorporated herein by reference the same as if fully set forth verbatim.

42 U.S.C. § 1983

18.     The Civil Rights of 1871, now codified as 42 U.S.C. § 1983 as federal law provides: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be

subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983. The state action requirement for standing under 42 U.S.C. § 1983 has more commonly been referred to as "color of state law," from the statute itself. Plaintiff is informed and believes, and thereupon alleges that in committing said acts and/or omissions, each Defendant was the agent and employee of each other Defendant and was acting within such agency and employment and that each Defendant was acting under color of state law. 42 U.S.C. § 1983 requires that the conduct complained of must have deprived the person of some privilege or immunity secured by the Constitution or laws of the United States. As such, Plaintiff alleges that Defendant, jointly and/or severally deprived Plaintiff of his Fourth Amendment rights and those rights, privileges, and immunities secured by the Fifth and Eighth Amendments to the Constitution incorporated and applied to the states through the Fourteenth Amendment. The Fourth Amendment guarantees security from unreasonable search and seizure. It includes the expectation of privacy, the right to be free from arrests without probable cause to believe the arrested person committed a crime. Accordingly, Plaintiff alleges that Defendants, acting under color of state law, with deliberate indifference, deprived Plaintiff of the rights, privileges and immunities secured by the Constitution and the laws of the United States, including those rights secured by the Fourth and Fifth Amendments, made applicable to the Defendants through the Fourteenth Amendment to the United States Constitution, by the following:

10

i.      Subjecting Plaintiff to physical abuse and unreasonable excessive force which resulted in severe injury;

ii.     Depriving Plaintiff of liberty and property without due process of law;

iii.    Failing to supervise Defendant THORNE and other agents and officers of the INS;

iv.     Failing to train and/or properly train Defendant THORNE and other agents and officers of the INS;

v.      Acquiescence in unconstitutional behavior by agents and officers such as Defendant THORNE.

vi.     Sanctioning the unlawful mistreatment and the use of excessive and deadly force upon illegal immigrants during work raids.

### THIRD CLAIM FOR RELIEF

19.     The allegations contained in Paragraphs 1 through 14 are incorporated herein by reference the same as if fully set forth verbatim.

20.     As a pendent state cause of action, Defendant THORNE, by acts and/or omissions and under the color of state law, intentionally, knowingly and/or recklessly caused serious bodily injury to the Plaintiff.   The force used against the Plaintiff was unreasonable and constituted a battery, under the laws of the State of Texas, including Tex. Penal Code § 2201.

### FOURTH CLAIM FOR RELIEF

21.     The allegations contained in Paragraphs 1 through 14 are incorporated herein by reference the same as if fully set forth verbatim.

23.     As a second pendent cause of action, alternatively, Plaintiff brings suit pursuant to

the Federal Tort Claims Act, 28 U.S.C. § 1346(b). Defendants acquired actual knowledge and notice of the occurrence and Plaintiff's resulting injuries and damages at the time of the incident in question, or immediately thereafter.

24.     Defendant U.S. INS, acting through its agents and employees, at all times material was exercising the governmental function of police control and negligently authorized and/or allowed Defendant THORNE, under the circumstances, to uses tangible personal property, to wit: a gun and handcuffs, to severely injure the Plaintiff. Thus, Defendant THORNE committed a wrongful act by the use of tangible personal property in that he used deadly force under circumstances that did not authorize its use. Such wrongful acts or negligence was a proximate cause of Plaintiff's damages.

PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff prays Defendants be served with process and answer herein that, upon final hearing, Plaintiff PORFIRIO A. NUÑEZ recover compensatory damages in excess of $75,000.00 against Defendants, jointly and severally, that he recover exemplary damages against each of the individual Defendants in an amount sufficient to punish and/or deter and make an example of those Defendants in order to prevent similar conduct in the future, reasonable and necessary attorneys' fees and expenses of litigation, court costs, pre-judgment and post-judgment interest, and any other general relief to which Plaintiffs may show themselves entitled.

Respectfully Submitted,

THE KUGLE LAW FIRM
111 Soledad, Suite 700
San Antonio, Texas 78025
Telephone : (210) 227-2315
Telecopier: (210) 226-8065

By: _____
Andrew E. Toscano
State Bar No. 00786832

ATTORNEYS FOR PLAINTIFFS